## BOWER v. WEBBER ET AL.

1. **Practice on Appeal:** AFFIRMANCE ON APPELLANT'S ABSTRACT. Where appellant fails in his abstract to present a case requiring the reversal of the judgment appealed from, this court will not look further to discover authority to affirm the judgment.

2. **Promissory Note:** ILLEGAL CONSIDERATION: NOVATION. Where A. was indebted to B. upon an illegal consideration, and B. owed C. a valid debt, and, by novation, A. made his promissory notes to C., in settlement of his debt to B., and of B.'s debt to C., *held* that the illegal consideration of A.'s original debt to B. could not be pleaded against the notes so given,—C. having no knowledge of such illegal consideration.

3. **Practice on Appeal:** ERRORS NOT PRESUMED. Alleged errors not apparent upon the record must be presumed not to have occurred.

4. ———: PRESUMPTION IN FAVOR OF TRIAL COURT. Where the record shows that part of the reply to a counter-claim has been omitted, this court will rather presume that the omitted portion put the counter-claim in issue than that the trial court rendered judgment against defendant upon a counter-claim which was not put in issue.

*Appeal from Jackson District Court.*

MONDAY, JUNE 21.

ACTION upon two promissory notes. There was a trial without a jury in the district court, and a judgment for plaintiff. Defendants appeal.

Bower v. Webber et al.

*W. J. Knight* and *D. A. Wynkoop*, for appellants.

*L. A. Ellis* and *S. S. Simpson*, for appellee.

BECK, J.—I. The defendant Webber, in an answer and an amended answer, pleaded, as a defense to the action, that

1. PRACTICE on appeal: affirmance on appellant's abstract.

the promissory notes in suit were executed for intoxicating liquors, bought in this state, for illegal sale here, which was known to plaintiff. It is also alleged in the answer that certain property of defendant, taken and obtained by plaintiff under a chattel mortgage executed by defendant, is to be regarded as payment upon the notes, under the terms of a written lease for a hotel, rented by defendant of plaintiff, for the rent of which the notes were given. The defendant Reiling, who executed the note with Webber as surety, pleads substantially the same defenses, which, in the view we take of the case, need not be more particularly stated. He also alleges that, in pursuance of an agreement between him and Webber when the notes were given, Webber executed to him a chattel mortgage as security against his liability; that Webber undertook to have it recorded, but fraudulently withheld it from record, and executed another chattel mortgage, covering the same goods, under which plaintiff acquired the property; and that plaintiff participated in these fraudulent acts. Webber, in a supplemental answer, sets up a counter-claim for the property and furniture put and used by him in the hotel, which was taken and obtained by plaintiff. Christiana Webber intervened in the action by petition, claiming an interest in a part of the property for which the defendant Webber seeks to recover in his counter-claim. To this petition plaintiff demurred. The record shows no action as to the demurrer or the intervention. As the intervenor does not unite in the appeal, we are not required to consider any matter connected with the intervention. Plaintiff objects, in different forms, to the abstract of defendants, insisting

that it does not present the entire record and all the testimony in the case. He also files an amended abstract presenting certain omitted portions of the record. We find it unnecessary to determine the sufficiency of defendants' abstract, or to resort to the transcript for the facts, as the case must be determined against defendants upon the abstract and amended abstract, so far as it is not denied. As defendant fails to present a case by his abstract requiring the reversal of the judgment of the court below, we need not look further to discover authority to affirm the judgment.

II. The objection principally argued by counsel for defendants is that the judgment of the district court 2. PROMIS- has not sufficient support in the evidence. The
SORY note:
illegal con-   district court's finding of facts, under the evi-
sideration:
novation.     dence upon which the judgment is based, stands as the verdict of a jury, and cannot be disturbed unless there is such absence of evidence to support it as to authorize the conclusion that it was the result of passion or prejudice. In the absence of a special finding of facts returned by the court, we will presume that the judgment is based upon facts which, in the proper exercise of judicial discretion, the court below could have found under the evidence, and which, in our opinion, support the judgment. There was evidence tending to show, and the district court could well have found, that the notes in the suit were executed for a valid and legal consideration. The facts pertaining to the transaction appear to be these: The defendant Webber rented a hotel of plaintiff. It had before been rented and occupied by Brandt. Defendant purchased intoxicating liquors of Brandt, to be unlawfully sold. In payment therefor he assumed to pay an amount Brandt owed plaintiff for rent. Plaintiff was a party to the novation, and accepted defendant as the debtor instead of Brandt. The amount of Brandt's debt was included in the notes in suit.

This statement of facts shows that the value of the liquors did not enter into the consideration of the notes. Brandt's

debt to plaintiff was the consideration.   That consideration was not illegal, and if defendant agreed to pay that debt, even though the consideration for his agreement to pay it was the illegal sale of liquors, it does not enter into the consideration of the notes.   If Brandt were attempting to enforce defendant's agreement to pay the debt, the defense of the illegality of the consideration could be pleaded.   But plaintiff gave a legal consideration for the notes, namely, the discharge of a valid debt owed by Brandt.   He cannot be made to suffer for the violation of law by Brandt and defendant in the sale and purchase of liquors for unlawful purposes, of which he had no knowledge.   There was evidence tending to show that plaintiff had no information of the transaction between Brandt and defendant.   See, in support of our conclusion on this point, 1 Pars. Notes & Bills, 217; 2 Id., 59; Pars. Cont., 187 *et seq.*

III.   The defendants filed with the papers of the case a request that the court below find specially the facts in the case.

3. PRACTICE on appeal: errors not presumed.   The record does not show that this paper was called to the attention of the court or was passed upon by the court. If it was, and the court refused to comply, which we cannot presume, the records fail to show exception to such refusal.   In the absence of any showing in the record that the court ruled upon the request, and that exceptions were taken to the action or want of action of the court thereon, we cannot hold that the error was committed which is complained of by defendants.

IV.   The court was authorized to find that the counter-claim pleaded by Webber was not established by the evidence.   But counsel for defendants insist that,

4. ———: presumption in favor of trial court.   as there was no replication denying the counter-claim, it must be regarded as admitted.   Plaintiff did file a replication, the whole of which is not presented in the abstract.   It is shown that a portion of this pleading was detached from the files, and does not appear in the record.   The part of the replication before us seems to be

in denial of defendants' right to recover on the counter-claim. But if this be not so, we would, in support of the judgment, presume that the portion of the replication omitted from the record denied the counter-claim. We surely would not indulge the opposite presumption, to the effect that the district court adjudged against defendant's right to recover upon the counter-claim when it was admitted by a failure to reply thereto.

V. Upon the issue involving the question of the payment of the notes by property obtained by plaintiff, as well as all other issues in the case, the district court could well have found for plaintiff. There was evidence tending to show that plaintiff settled for the property which defendants claim should be regarded as received in payment of the notes.

These considerations dispose of all questions discussed by counsel. In our opinion, the judgment of the district court ought to be

AFFIRMED.